1  JUSTIN X. WANG (CSB #166183)
   **BAUGHMAN & WANG**
2  111 Pine Street, Suite 1350
   San Francisco, California 94111
3  Telephone: (415) 576-9923
   Facsimile:  (415) 576-9929
4
   Attorney for Plaintiff
5  PING HANG WONG

E-filing

6              **UNITED STATES DISTRICT COURT**

7              **NORTHERN DISTRICT OF CALIFORNIA**

8
   PING HANG WONG                          )        Case No.:
9                                          )
                                           )   C  07    2442
10             Plaintiff,                  )
                                           )
11     vs.                                 )   **COMPLAINT FOR WRIT IN THE**
                                           )   **NATURE OF MANDAMUS**
12  MICHAEL CHERTOFF, Secretary of the     )
    Department of Homeland Security;       )
13  ALBERTO R. GONZALES, Attorney          )
    General, United States Department of   )
14  Justice;                               )
    EMILIO T. GONZALEZ, Director,          )
15  U.S. Citizenship and Immigration Services; )
    JUAN P. OSUNA, Acting Chairman, Board of )
16  Immigration Appeals, Executive Office of )
17  Immigration Review, U.S. Department of )
    Justice;                               )
18  ROBIN BARRETT, Field Office Director, San )
19  Francisco District Office, U.S. Citizenship and )
    Immigration Services                   )
20                                         )
                                           )
21                                         )
               Defendants.                 )        "Immigration Case"
22  _____)

23          Plaintiff, PING HANG WONG, by and through his undersigned attorney, sues Defendants

24  and states as follows:

25  1.      This action is brought against the Defendants to compel action on an appeal properly filed by

26  the Plaintiff.  The appeal is for a previously approved I-130, immigrant visa petition for relatives by

27  USCIS but later "denied" by the Defendants.  An appeal by the Plaintiff was timely filed with

28

---

**Case No.:**
PLAINTIFFS' ORIGINAL COMPLAINT                        F:\LING\Mandamus\I-130\WONG Ping Hang\Complaints.wpd

1   Defendant Board of Immigration Appeals.  The appeal remains within the jurisdiction of the

2   Defendants, who have improperly withheld action on said petition to Plaintiff's detriment.

3                                              **PARTIES**

4   2.      Plaintiff Ping Hang WONG (DOB: 08/30/1953) is a U.S. Citizen. On January 21, 2004,

5   Plaintiff Ping Hang WONG field an immigration petition (I-130) with the USCIS California

6
    Service Center on behalf of his wife, Lei ZHOU (DOB: 03/04/1978.. This I-130 petition was
7

8   approved by USCIS on July 21, 2004.  (**Exhibit 1: Approval Notice of the I-130 petition**).  On

9   February 15, 2006, Defendant CIS San Francisco District Office denied the approved I-130 visa

10  petition, a procedurally improper decision,  and Plaintiffs's wife's adjustment of status application

11
    (**Exhibit 2: Decisions re: Form I-130and I-485**).  On March 17, 2006, a timely appeal to this
12

13  decision was filed with the Board of Immigration Appeals, or BIA, through San Francisco District

14  Office (**Exhibit 3: Receipt of the filing fee**).  A response from the BIA shows that the record has

15  not been forwarded to the BIA. for review and it is being held at the San Francisco District Office

16
    (**Exhibit 5: Response from the BIA.**).
17
    3.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security
18

19  (DHS), and this action is brought against him in her official capacity.  He is generally charged

20  with enforcement of the Immigration and Nationality Act, and is further authorized to delegate

21  such powers and authority to subordinate employees of the DHS  8 U.S.C. 1103(a); 8 C.F.R.  2.1.

22  4.      Defendant Alberto R. Gonzales is the Attorney General of the United States.  Defendant

23  Board of Immigration Appeals is under the jurisdiction of the Department of Justice, which is

24
    under Mr. Gonzales.
25

26  5.      Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and

27  Immigration Service (USCIS), an agency within the DHS to whom the Secretary's authority has in

28  part been delegated and is subject to the Secretary's supervision.  Defendant Director is generally

---

1   charged with the overall administration of benefits and immigration services.  8 C.F.R. § 100.2(a)

2   6.    Defendant Juan P. Osuna, Acting Chairman of the Board of Immigration Appeals, is an

3   official of the Executive Office of Immigration Review, an agency under the U.S. Department of

4

5   Justice.

6   7.    Defendant Robin Barrett, Field Office Director of San Francisco District Office, is an

7   official of the USCIS generally charged with supervisory authority over all operations of the

8   USCIS with her District with certain specific exceptions not relevant here.

9   8C.F.R.§100.2(d)(2)(ii). .

10                              **JURISDICTION**

11

12  8.    Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701 *et seq.*,

13  and 28 USC §2201 *et seq.*  Relief is requested pursuant to said statutes.

14                                **VENUE**

15  9.    Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action

16  against officers and agencies of the United States in their official capacities, brought in the

17  District where the Plaintiff resides if no real property is involved in the action.

18                        **EXHAUSTION OF REMEDIES**

19

20  10.   Plaintiff has exhausted his administrative remedies.

21                           **CAUSE OF ACTION**

22  11.   Plaintiff Ping Hang WONG field an immigration visa petition (I-130) with the USCIS

23  California Service Center on behalf of his wife, Lei ZHOU.  That petition was approved by the

24  USCIS on July 21, 2004. (**Exhibit 1: Approval Notice of the I-130 petition**).  Plaintiff also filed

25  a K-3 visa petition for his wife and that petition was also approved by the USCIS.  Zhou entered

26  the United States under K3 visa status and has been living with her husband since then (**Exhibit

27

28  4: Visa page of Zhou's passport and I-94, Arrival and Departure Record**).

12.    On February 15, 2006, after an interview conducted by CIS San Francisco Office, Plaintiff's I-130 petition was denied, erroneously, by CIS San Francisco Office (**Exhibit 2: Decision re: Form I-130**).  On March 17, 2006, a timely appeal to this decision was filed with the San Francisco District Office to be forwarded to the Board of Immigration Appeals for review (**Exhibit 3: Receipt of the filing fee**).  A response to Plaintiff's recent inquiry from the Board of Immigration Appeals indicates that the appeal has not been forwarded to the BIA for review and it is being held at the San Francisco District Office (**Exhibit 5: Response from the BIA**).

12.    Plaintiff Ping Hang WONG's I-130 appeal has now remained pending with the San Francisco District Office for more than 13 months from the date of initial filing.

13.    Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants unreasonably have delayed in and have refused to adjudicate Plaintiff Ping Hang WONG's I-130 appeal for more than 13 months from the date of initial filing, thereby depriving him of the right to a decision on his petition and the peace of mind to which Plaintiff is entitled.

14.    Plaintiff has been damaged by the failure of Defendants to act in accord with their duties under the law.

(a)Plaintiff has been damaged by simply being deprived of the adjudication of his appeal for over 13 months and thus, causing Plaintiff emotional strain and extreme financial stress as his wife cannot accept employment or enroll in state college as a resident..

15.    The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff Ping Hang WONG's appeal, and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's appeal.

**PRAYER**

16.    WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

   (a)    requiring Defendants to expeditiously adjudicate Plaintiff Ping Hang WONG's appeal and his wife's I-485 application;

   (b)    awarding Plaintiff reasonable attorney's fees under the Equal Access to Justice Act;

   (c)    granting such other relief at law and in equity as justice may require.


Dated:      May 4, 2007                                Respectfully submitted,



                                                       Justin X. Wang, Esq.
                                                       Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATION OF INTERESTED ENTITIES OR PERSON

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated:          May 4, 2007                              Respectfully submitted,


                                                         Justin X. Wang, Esq.
                                                         Attorney for Plaintiff

**LIST OF ATTACHMENTS**

*Exhibit*        *Description*

1        Approval Notice of the I-130 petition

2        Copy of decision denying the I-130

3        Copy of appeal filing fee receipt

4        Visa page of Zhou's passport and I-94, Arrival and Departure Record

5        Copy of response from the BIA

Ex. 1

# THE UNITED STATES OF AMERICA

| | | | |
|---|---|---|---|
| RECEIPT NUMBER<br>WAC-04-074-52579 | | CASE TYPE  I130  IMMIGRANT PETITION FOR RELATIVE,<br>FIANCE(E), OR ORPHAN | |
| RECEIPT DATE<br>January 21, 2004 | PRIORITY DATE<br>January 21, 2004 | PETITIONER  A19 006 957<br>WONG, PING HANG | |
| NOTICE DATE<br>July 21, 2004 | PAGE<br>1 of 1 | BENEFICIARY  A98 099 532<br>ZHOU, LEI | |

PING HANG WONG
58 FRANCIS ST
SAN FRANCISCO CA 94112

Notice Type:  Approval Notice
Section: Husband or wife of U.S.
         Citizen, 201(b) INA

The above petition has been approved. We have sent the original visa petition to the Department of State National Visa
Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909. NVC processes all approved immigrant visa petitions that
need consular action. It also determines which consular post is the appropriate consulate to complete visa processing.
NVC will then forward the approved petition to that consulate.

The NVC will contact the person for whom you are petitioning (beneficiary) concerning further immigrant visa processing
steps.

If you have any questions about visa issuance, please contact the NVC directly. However, please allow at least 90 days
before calling the NVC if your beneficiary has not received correspondence from the NVC. The telephone number of the
NVC is (603) 334-0700.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
Customer Service Telephone: (800) 375-5283



Ex. 2

415/ 439-3819

U.S. Department of Homeland Security
630 Sansome Street
San Francisco, CA 94111



**U.S. Citizenship
and Immigration
Services**

Date:    FEB 1 5 2006

Ping Hang Wong
1933 Garden Drive, apt. 306
Burlingame, CA 94010

Refer To This File Number:  A98 099 532  (I-130/C#99)

Upon consideration, it is ordered that your <u>Form I-130, Petition for Alien Relative filed on behalf of
Lei Zhou,</u> be denied for the following reasons:

(See attachment)

If you desire to appeal this decision, you may do so. Your notice of appeal must be filed <u>within 30
days</u> from the date of this notice, (33 days if this notice was received by mail). If no appeal is filed
within the time allowed, this decision is final. Appeal in your case may be made to:

☒ Board of Immigration Appeals in Washington, D.C. on the enclosed form EOIR-29.
   (A fee of $110.00 is required). To be filed in triplicate.
☐ Commissioner on the enclosed Form I-290B. (A fee of $110.00 is required).

If an appeal is desired, the Notice of Appeal shall be executed and filed with this office, together with the
required fee. A brief or other written statement in support of your appeal may be submitted with the Notice of
Appeal.

Any question which you may have will be answered by the local immigration office nearest your residence or
at the address shown in the heading to this letter.

Sincerely,

David N. Still
District Director

cc: Paul Liu, Esq.
   350 Sansome St. ste. 230
   San Francisco, CA 94104

A98 099 532(E-11/ C#99)
Lei Zhou
Pg. 2

On August 29, 2005, you entered the United States with a K-3 non-immigrant visa issued in Guangzhou, China in accordance with section 101(a) (15)(K) of the Act, which defines a fiancée or fiancé as:

> (K) an alien who is the fiancée or fiancé of a citizen of the United States and who seeks to enter the United States solely to conclude a valid marriage with the petitioner within ninety days after entry, and the minor children of such fiancée or fiancé accompanying or following to join him.

The laws governing the implementation of section 101 (a)(15)(K) of the Act are codified in 8 CFR section 214.2(k). It states in pertinent part:

> (6) Adjustment of status from nonimmigrant to immigrant- (ii) Nonimmigrant visa issued on or after November 10, 1986. Upon contracting a valid marriage to the petitioner within 90 days of his admission as a nonimmigrant pursuant to a valid K visa issued on or after November 10, 1986, the beneficiary and his or her minor children may apply for adjustment Of status to lawful permanent resident under section 245 of the Act. Upon approval of the Application the director shall record their lawful admission for permanent residence in accordance with that section and subject to the conditions prescribed in section 216 of the Act.

Section 216(g)(1) of the Act defines an "alien spouse" as:

> The term "alien spouse" means an alien who obtains the status of an alien lawfully admitted for permanent residence (whether on a conditional basis or otherwise)-
>
> (A) as an immediate relative (described in section 201(b) as the spouse of a citizen of the United States,
>
> (B) under section 214 (d) as the fiancée or fiancé of a citizen of the United States… by virtue of marriage which was entered into less than 24 months before the date the alien obtains such status by virtue of such marriage…..

On October 10, 2005, you filed for the benefits of Section 245 of the Immigration and Nationality Act, as amended, for lawful permanent residence based upon you marriage to the K-3 petitioner, Ping Hang Wong on July 23, 2003 in Liaoning, China.

Section 245 of the Act provides in pertinent part:

> (a) The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the attorney General, in his discretion and under such

A98 099 532(E-11/ C#99)
Lei Zhou
Pg. 3

> regulations as he may prescribe, to that of an alien lawfully
> admitted for permanent residence if (1) the alien makes an
> application for such adjustment, (2) the alien is admissible to
> the United States for permanent residence, and (3) an
> immigrant visa is immediately available to him at the time his
> application is filed.

The record reflects that you were born on March 4,1978, in Anshan, Liaoning, China. The
petitioner is a Naturalized US citizen, born on August 30, 1953 in Canton, China.

On Tuesday, February 14, 2006, you and the petitioner appeared for an interview in connection
with your adjustment of status application. You and the petitioner were both placed under oath and
questioned together and separately concerning your life together as husband and wife. The initial
separation and questioning revealed many differences.

At the beginning of the interview you were asked if you are living together, you both said yes.
You both stated that you resided at 1933 Garden Drive, apt. 306, Burlingame, California 94010.
However, it was discovered as more questions were asked about your living situation together as
husband and wife, huge discrepancies were uncovered.

With the interpreter present you were asked when and how you met the petitioner, you stated that
your aunt had asked the petitioner to bring you some gifts for Chinese New Year. You stated that
the petitioner was going to visit family in Southern China and called you to come pick up the gifts
from his home in December 2001. You stated that you lived in Liaoning, Northern China. When
the petitioner called upon his arrival to Shen Zhen, you caught a flight to Shen Zhen, Southern
China to pick up the gifts. The officer asked you why you would pay for an airline flight and fly
three hours just to pick up gifts. You stated that you modeled clothing and had other business in
Shen Zhen, China. You claimed you arrived and went to meet the petitioner, he took you to dinner
and then you spent the night in your friend's home in Shen Zhen. You then testified that your
friends took you to the airport the next morning to fly back to Liaoning. The petitioner had a totally
different scenario for the same event. The petitioner claims that he called you upon his arrival to
Shen Zhen, China. He claims that you came to pick up the gifts sent and stayed with him three
days. The petitioner stated that he took you to the airport in a taxi when you flew back to Liaoning.

Both of you testified that you continued to communicate through phone calls till the petitioner's
next trip to China in November 2002. You testified that the petitioner flew to Shanghai China and
met you there. You testified that the petitioner flew to Shanghai China and met you there. You
also stated that on this trip you went to Han Chou with him.

A98 099 532(E-11/ C#99)
Lei Zhou
Pg. 4

The officer asked you if the petitioner met your parents on this trip. You stated that he did not travel to your home and did not meet your parents on this trip.

The petitioner testified that in November 2002, he flew to your home in Northern China to see you and meet your parents. The officer asked the petitioner where he stayed when he visited you in Liaoning in November 2001. The petitioner testified that he stayed a week at the " Rose Hotel" in Liaoning, China. The officer then asked you if you were sexually intimate with the petitioner prior to getting married. You stated that you were sexually intimate with the petitioner prior to getting married. When the petitioner was asked the same question he stated that you were not sexually intimate prior to getting married.

You were then asked about your marriage to the petitioner in July 2003. You stated that the petitioner arrived in Liaoning, China in June 2003. You stated that prior to his arrival you had discussed the marriage plans with your parents. The officer asked you what the petitioner brought your parents as a gift when he met them. You testified that he gave them a box of cookies. The petitioner stated that he arrived in China on July 3, 2003. The officer also asked the petitioner if he gave your parents a gift. He stated that he took your parents out to dinner and gave them $2,000.00 in yen as a gift.

The officer then asked you about the wedding, you indicated that it was a very small wedding and you were married at the Government Office in Liaoning, China. You stated that it was a very simple wedding and you both had dinner at home after the civil wedding. The petitioner again had a different version of the same events. He claims that after your civil wedding you had a small reception in a restaurant only family attended and had one table full of guests. The officer then asked you how long did the petitioner remain in China with you after your marriage. You stated that he stayed six months and then returned to the United States. The petitioner stated that he only stay three months after the wedding and returned to the United States in November 2003.

The discrepancies continued as more questions were asked about your relationship. You were then asked about your wedding rings, you were asked where and when the wedding rings were purchased. You testified that the both of you bought your wedding ring together. You also testified that the petitioner's mother had given him his wedding ring. The petitioner stated that you both purchased the wedding ring together and that a few days later he purchased his wedding ring.

The officer then asked you what type of birth control you and the petitioner practiced. You stated that you used condoms and you also took the morning after pill. The petitioner again had a completely different scenario for the same question. He claims that you do not use any type of birth control no pills, no creams etc. He stated that he uses condoms. You were then asked when was the last time you were sexually intimate with the petitioner. You stated that you could not remember the date. The petitioner testified it was the Saturday prior to the interview.

A98 099 532(E-11/ C#99)
Lei Zhou
Pg. 5

You were then asked questions about the residence where you claim to live with the petitioner. The officer asked you when you moved into the apartment. You testified that you and the petitioner sublet the apartment from your aunt and her husband.

You testified that you and the petitioner sublet your apartment from your aunt and her husband. You testified that you moved in November 2005, when your aunt and uncle decided to move to Los Angeles, California. The petitioner testified that you both moved into your aunt and uncle's apartment in October 2005 when your aunt and uncle moved to Walnut Creek, California according to his testimony. The officer asked you if you moved any furniture into the apartment. You stated that your aunt and uncle left most of their furniture but the petitioner moved in another television. The petitioner claims that he just moved in his clothes and nothing else. You were asked where the manager of the apartment building lived. You indicated that he lived in the apartment next to you "305". The petitioner stated that the manager lived on the first floor in apartment "No. 1". The officer then asked you what were the cross streets of Garden Drive. You stated that the cross street was El Camino Real. The petitioner stated that the cross street was School Avenue.

Your answers still continued to differ on key points as more questions were asked about your residence. You were asked if you had a shower door or a shower curtain. You stated you had a white shower curtain. The petitioner stated that you had a glass shower door with a chrome-plated frame. The officer then asked you about the bedroom you claim to share with the petitioner. You were asked about your bedroom closet. You indicated that you hung your clothes on the right side of the closet and the petitioner hung his clothes on the left side of the closet.

You were then asked about the night before the interview. The officer asked you if you closed your bedroom door and locked it last night. You stated that you went to bed first and you were not sure if the petitioner locked the bedroom door when he came to bed. Again, the petition had a different version the same event. The petitioner stated that he went to bed first and he was not sure if you locked the door when you came to bed. The officer then asked you what you wore to bed last night. You stated that you wore a short sleeve one-piece night gown (red with flowers). The petitioner said you wore a two-piece yellow pajama set with long sleeves.

It is noted that you have testified that you have lived at the 1933 Garden Avenue address for over four months. The officer asked you about the stove in your kitchen. You were asked if it was gas or electric. You stated that you thought it was a white gas stove, the officer asked if you saw the fire when you cooked. You indicated that you saw the fire when you cooked. The petitioner on the other hand, said it was an electric yellow colored stove.

Your answers continued to be different as more questions were asked. The officer asked you what color was the micro-wave in your kitchen, you stated it was white the petitioner stated that the micro-wave in the kitchen was black. The officer then asked you when the last time you washed the clothes.

A98 099 532(E-11/ C#99)
Lei Zhou
Pg. 6

You stated that it was last week sometime. You stated that the petitioner brought the clothes down to wash you put them in the washer and the petitioner brought them back up when the clothes were dried. The petitioner stated that you both washed clothes together last Wednesday. The petitioner stated that he brought the clothes down and then left to go to work. He stated that he assumed you brought the clothes up since he left.

The officer then asked you about the holidays you have spent in the United States since your arrival in August 2005. You stated that you and the petitioner spent your first Thanksgiving at a Japanese Restaurant in Burlingame. You said that the petitioner took you for lunch to his friend's Japanese Restaurant in Burlingame. The petitioner stated that he took you to a Japanese Restaurant for dinner in San Francisco. You were then asked what you did on Christmas day- December 25, 2005. You testified that the petitioner went to China to visit his family and did not spend Christmas 2005 with you. The petitioner testified that he worked on Christmas Eve and you went to a party at your English School. The petitioner claims that he spent Christmas Day with you.

Since you were interviewed on Valentines Day, February 14, 2006. The officer asked you if the petitioner had given you flowers that day. You stated that the petitioner gave you yellow roses that same morning of the interview. The petitioner stated that he had purchased a half dozen red roses two days prior to Valentine Day. He stated that it was more economical to buy the flowers prior to Valentines Day.

Finally, the officer asked about the furniture in your bedroom and how many chest of drawers were in the bedroom. You stated one, and claimed the chest was of clear plastic had three drawers. You indicated that you shared the first drawer and had socks there. You stated that the second drawer contained belts and the third contained CD's, DVD's and more socks.

The petitioner had a completely different concept of the chest of drawers in the bedroom you claim to share with him. He stated that there was a wooden chest of drawers with a mirror that contained three drawers. He stated that you both shared the first drawer and it contained T-shirts and jeans. He claims that you also share the second drawer, it contains both your underclothes and the third drawer contains your pajamas and towels. It is noted that you have been married for over two years and claim to being living together with the petitioner since last August 2005.

There were so many major discrepancies in both testimonies, and no rectifications could be made, as the information provided by you and the beneficiary was not indicative of two people who lived together and had a common knowledge of shared experiences.

A98 099 532(E-11/ C#99)
Lei Zhou
Pg. 7

In visa petition proceedings, the burden of proof as to the eligibility of the beneficiary is upon the petitioner. Matter of Brantigan, 11 I&N Dec. 493 (BIA 1966). Further, when there is reason to doubt the bona fides of the marital relationship, the petitioner must present evidence to show that the marriage was not entered into solely for the purpose of circumventing the immigration laws of the United States.

A marriage solely to facilitate an alien's admission to the U.S. and not intended to create a bona fide husband-wife relationship is deemed invalid for immigration purposes regardless of whether it would be considered valid under the domestic law of the jurisdiction where performed Matter of M-, 8 I&N Dec 217(BIA 1958). A marriage which was entered into solely for immigration purposes is not valid for according immigration benefits.

Matter of McKee-, 17 I&N Dec.332(BIA 1980). Matter of Laureano, Int. Dec. 2951 (BIA 1983). It is determined that the material evidence presented is insufficient to overcome the discrepancies in your testimonies.

Based on your irreconcilable differences, this Service must conclude that your relationship must be a sham for the purposes of obtaining benefits for yourself to which you are not entitled.

Since it has been concluded that the marriage of Lei Zhou, the beneficiary to Ping Hang Wong, the petitioner is a sham, entered into for the purpose of evading immigration laws and procuring benefits for which beneficiary is not entitled, then section 204(c) of the Act will apply in this case.

Section 204(c) of the Act provides:

> Notwithstanding, the provisions of subsection (b) no petition shall be approved if (1) the alien has previously been accorded or has sought to be accorded a non-quota or preference status as a spouse of a citizen of the United States ... by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws

Accordingly, the visa petition must be and is hereby **denied.**

ATTACHMENT TO FORM I-291

Ex. 3

```
        US DHS
     SAN FRANCISCO
   RETAIN THIS RECEIPT

   2:31PM    Mar 17/06
  00-0000 002    SFR-PC
  #37491

  A #          98099532
  Last Name        ZHOU
  First Name        LEI

  EOIR 29     $110.00

  Check       $110.00

  XOfficialX
  XDocumentX
```

Ex. 4



Departure Number

946819812    10

Immigration and
Naturalization Service
I-94
Departure Record

AUG 2 9 2005

*K3.*

*AUG 28, 2007*

14. Family Name

Z.H.O.U

15. First(Given)Name

L.E.I

16. Birth Date(Day/Mo/Yr)

0.4.03.78

17. Country of Citizenship

C.H.I.N.A



VISA    UNITED STATES OF AMERICA

Issuing Post Name
GUANGZHOU

Control Number
20052319410001

Surname
ZHOU

Given Name
LEI

Visa Type /Class
R    K3

Passport Number
G12176458

Sex
F

Birth Date
04MAR1978

Nationality
CHIN

Entries
M

Issue Date
22AUG2005

Expiration Date
18AUG2007    0110

Annotation
PETR: WONG., PING HANG

78963505

VNUSAZHOU<<LEI<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<
G12176458<2CHN7803048F0708188K3GUZ0315U22Σ3158

Ex. 5



**U.S. Department of Justice**
Executive Office for Immigration Review
Board of Immigration Appeals, Office of the Clerk
P.O. Box 8530
5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

---

EOIR status toll free telephone line:  ( 800)  898-7180
Tel. (703) 605-1007
Board's *Practice Manual*:  www.usdoj.gov/eoir

Date: _4/6/07_          RE: _A-98-099-532_

Appeal from a DHS District Director's Decision

---

> *Your submission is being returned for the reason(s) indicated.   No record has been made of this correspondence and should you write again concerning this same matter, please return this notice along with your correspondence.*

---

■  **DO NOT file your appeal (EOIR-29) directly with the Board of Immigration Appeals.** An appeal from a decision of a DHS/CIS (formerly "INS") District Director must be filed with the District Director/Service Center where the petition was denied.  Use a Form EOIR-29 (Notice of Appeal to the Board of Immigration Appeals from a Decision of an INS Officer) and include a filing fee of $110.  *Attach a copy of the District Director's decision that is being appealed.*  You may include a brief and supporting documents with your appeal.  **Please read the INSTRUCTIONS on the reverse side of the enclosed appeal form.**

■  The Board of Immigration Appeals shows no record that this case is pending before it.

■  Once the EOIR-29 (appeal) is received and processed, the DHS/CIS will forward the complete record of proceedings to the Board when the record is ready. When the Board receives the record, a receipt will be sent to the parties to indicate that the file is at the Board and that a decision will be forthcoming.  Until the DHS/CIS forwards the record of proceedings to the Board, all status inquiries and submissions must be directed to the DHS/CIS office where the appeal was filed.

■  To determine the whereabouts of the record file and the status of this case, please contact the DHS/CIS office where the appeal was filed.

■  The *beneficiary's* full name and 8-digit alien registration number ("A" number) must be indicated on all correspondence and other filings.

_Patricia E. Wegner, Appeals Examiner_